

JUDGE CASTEL    11 CV 3529

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AON BENFIELD GLOBAL, INC.; and
AON BENFIELD INC.,

          Plaintiffs,

vs.

GUY CARPENTER & COMPANY, LLC,

          Defendant.

Civil Action No. _____

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Aon Benfield Global, Inc. and Aon Benfield Inc. ("Aon Benfield," and collectively with Aon Benfield Global, Inc., "Plaintiffs"), for their complaint against Defendant Guy Carpenter & Company, LLC ("Guy Carpenter"), allege as follows:

### NATURE OF THIS ACTION

1. This action arises under 28 U.S.C. §§ 1331, 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 100 *et seq.*

2. Plaintiffs bring this action for a declaration that no acts related to the products known as ImpactOnDemand and ExposureView infringe any claim of U.S. Patent No. 7,949,548 (the " '548 patent"), and that all claims of the '548 patent are invalid.

### THE PARTIES

3. Aon Benfield Global, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 200 East Randolph Street, Chicago IL, 60601. Aon Benfield, a subsidiary of Aon Benfield Global, Inc., is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 200 East Randolph Street, Chicago, IL 60601.

4. In 2008, Aon Corporation acquired Benfield Group Ltd. ("Benfield Group"). As a result of this acquisition, Benfield Inc., a subsidiary of Benfield Group, was merged into Aon Re Inc. ("Aon Re"), a subsidiary of Aon Corporation. This merged entity then changed its legal name to Aon Benfield.

5. Plaintiffs are informed and believe, and thereon allege, that Guy Carpenter is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 1166 Avenue of the Americas, New York, New York 10036.

6. Plaintiffs are informed and believe, and thereon allege, that Guy Carpenter has for many years been registered, and currently is registered, to conduct business in this judicial district and that Guy Carpenter has for many years conducted a broad array of business, and continues to conduct a broad array of business, within this judicial district. Plaintiffs are informed and believe, and thereon allege, that Guy Carpenter identifies New York, New York as its global headquarters.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

### AON BENFIELD DEVELOPMENT OF RISK MANAGEMENT TOOLS

9. Aon Benfield, a reinsurance intermediary, offers industry-leading risk management tools to its clients, including a platform, ImpactOnDemand, that enables clients to visualize and quantify their exposures to risk and perform sophisticated, detailed data analysis.

10. ImpactOnDemand is derived in large part from ExposureView, a novel catastrophe modeling tool that was launched in 2004 by Benfield Inc. ExposureView can be used to visualize and quantify the potential impact of a weather and/or catastrophic event to a client's insurance portfolio. ExposureView includes, among other things, the ability to map individual risks for any geographic location, view accumulations of exposures, and identify risks

potentially affected by a catastrophe during or after the event. Over the years, Benfield Inc. launched a number of versions of ExposureView, including a web-based version that was launched in 2005.

11. Following Aon Corporation's acquisition of the Benfield Group, Aon Benfield developed and launched ImpactOnDemand, which combined functionality from ExposureView as well as CatPortal, a product developed by Aon Re. Both ImpactOnDemand and ExposureView are currently in use by Aon Benfield's clients.

12. Aon Benfield continues to improve and promote its risk management tools. Uncertainty regarding Aon Benfield's ability to continue developing and marketing its risk management tools puts at risk the resources devoted to such products.

## GUY CARPENTER'S PATENT

13. Plaintiffs are informed and believe, and thereon allege, that Guy Carpenter is the owner and assignee of the '548 patent, titled "Spatial Database System for Generation of Weather Event and Risk Reports," issued on May 24, 2011.

14. On November 15, 2007, Guy Carpenter sent to the Benfield Group a letter regarding U.S. Patent Publication No. 2007/0214023 A1 (" '023 publication"), from which the '548 patent ultimately issued. This letter advised the Benfield Group that, once a patent issued from the '023 publication, Guy Carpenter "intends to enforce it and restrict others from practicing the claimed invention." Guy Carpenter further asserted that it "may obtain reasonable royalty damages beginning on the date of publication of the '023 patent for [the Benfield Group's] activities pursuant to 35 U.S.C. § 154(d)" and "request[ed] that [the Benfield Group] immediately refrain from any activities that may be covered by the claims of the '023 patent."

15. As of the date of the Guy Carpenter letter, the Benfield Group's only product relevant to the '023 publication was ExposureView. Thus, Plaintiffs are informed and believe, and thereon allege, that Guy Carpenter's reference to "any activities that may be covered by the claims of the '023 patent" was intended to refer to ExposureView. Because ImpactOnDemand incorporates much of the functionality of ExposureView, Plaintiffs believe (and have a

reasonable basis for believing) that Guy Carpenter will file suit, accusing both ImpactOnDemand and ExposureView of infringing the '548 patent.

16. Guy Carpenter's letter to the Benfield Group creates a substantial controversy between Plaintiffs and Guy Carpenter with respect to ImpactOnDemand and ExposureView of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. There is a definite and concrete dispute between Plaintiffs and Guy Carpenter as to whether any act relating to ImpactOnDemand and ExposureView infringes one or more valid and enforceable claims of the '548 patent. Therefore, Plaintiffs ask this Court to declare that no act relating to ImpactOnDemand and ExposureView infringes any claim of the '548 patent and that all claims of the '548 patent are invalid.

### FIRST CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

17. Plaintiffs re-allege and incorporate by this reference the allegations contained in paragraphs 1 through 16 above.

18. An actual and justiciable controversy exists between Plaintiffs and Guy Carpenter concerning whether ImpactOnDemand and ExposureView (and any activity relating to these products) infringe any claim of the '548 patent.

19. Plaintiffs hereby seek a judicial declaration that no acts related to ImpactOnDemand or ExposureView directly infringe, either literally or under the doctrine of equivalents, or contribute to or induce the infringement of, any claim of the '548 patent, which declaration is appropriate and necessary.

### SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity)

20. Plaintiffs re-allege and incorporate by this reference the allegations contained in paragraphs 1 through 16 above.

21. An actual and justiciable controversy exists between Plaintiffs and Guy Carpenter concerning the invalidity of the '548 patent.

22.     Plaintiffs hereby seek a judicial declaration that the claims of the '548 patent are invalid for failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112, which declaration is appropriate and necessary.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues in this case properly tried to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.      Judgment in their favor on all claims for relief;

B.      A declaration that no acts related to ImpactOnDemand or ExposureView directly infringe, either literally or under the doctrine of equivalents, or contribute to or induce the infringement of, any valid and enforceable claim of the '548 patent;

C.      A declaration that the claims of the '548 patent are invalid for failing to meet the requirements of the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112;

D.      A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

E.      For an award of such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By: /s/ Samuel K. Lu
Samuel K. Lu
David Gindler (to be admitted *pro hac vice*)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Telephone:   (310)277-1010
Facsimile:   (310)203-7199
Email:       slu@irell.com
Email:       dgindler@irell.com

*Attorneys for Plaintiffs*
*Aon Benfield Global, Inc. and*
*Aon Benfield Inc.*